JUDGE RAKOFF

Cardillo & Corbett
Attorneys for Plaintiff
NORTH CHINA SHIPPING (SINGAPORE) PTE. LTD.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
Tulio R. Prieto (TP-8455)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
NORTH CHINA SHIPPING (SINGAPORE)         :
PTE. LTD.,                               :
                    Plaintiff,           :    **ECF**
                                         :    **VERIFIED COMPLAINT**
            -against-                    :
                                         :
FALCON SHIPPING,                         :
                                         :
                    Defendant.           :
---------------------------------------x

Plaintiff, NORTH CHINA SHIPPING (SINGAPORE) PTE. LTD., ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, FALCON SHIPPING ("Defendant") alleges, upon information and belief as follows:

### JURISDICTION

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

### THE PARTIES

2.   At all material times to this action Plaintiff was, and still is, a foreign business entity duly organized and existing under the laws of a foreign country with a

registered address at Room 3807, Floor 38, Building A, Fortune Plaza, 7 Dong San Huan Zhong Road, Chaoyang District, Beijing 100020, China.

3. At all times material to this action, Defendant was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 172A Nguyen Dinh Chieu St., Dist. 3, Ho Chi Minh City, Vietnam.

### DEFENDANT'S BREACH OF CONTRACT

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5. By a time charter party dated July 8, 2007, Defendant, as owner, let and Plaintiff, as Charterer, chartered the M/V SPEEDY FALCON (the "Vessel") from Defendant, for a time chartered trip via Indonesia to China (the "Charter Party").

6. Plaintiff paid Defendant the sum $690,926.25 for the estimated hire and bunkers to be consumed for the whole period of the Charter Party. A few days after the Vessel had been delivered under the Charter Party and shortly after the Vessel arrived at the intended load port of Taharan, Indonesia, on July 22, 2008, the Vessel made contact with the jetty on its way to the loading berth and as a

result the Vessel's port side was ruptured. Loading could not be commenced and the Vessel shifted to anchorage for repairs. The Vessel was off-hire and not available to perform the Charter Party after sustaining such damages and proceeding to anchorage for repairs.

7. The repairs were not completed until August 11, 2008, by which time the intended cargo was no longer available. By message dated August 8, 2008, Plaintiff declared the Charter Party at an end on several alternative grounds, including first, failure of consideration, second, frustration, and third, cancellation of the Charter Party, pursuant to its express terms, Clause 53, on the grounds that the Vessel had remained off-hire for more than 15 days.

8. Plaintiff has repeatedly demanded that the Defendant return the sum paid for bunkers and advance hire, in the amount of $690,926.25, but Defendant has failed to return said sums.

## LONDON ARBITRATION

9. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London. English law is applicable to the Charter Party.

10. Plaintiff reserves the right to demand arbitration from Defendant pursuant to the terms of the

Charter Party.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party by arbitrators in London pursuant to English law. As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---:|
| A. | On the principal claims: | $690,926.25 |
| B. | Interest for 3 years at 7%: | $145,094.52 |
| C. | Arbitration fees and attorneys' fees: | $200,000.00 |
| | TOTAL: | $1,036,020.77 |

### DEFENDANT NOT FOUND WITHIN THE DISTRICT

12. Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P.

4

Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are believed to be due and owing to Defendant.

13. Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint.

B. That since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any

garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are due and owing to Defendant, in the amount of $1,036,020.77 to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

    C.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

    D.  That the Plaintiff has such other, further and

different relief as the Court may deem just and proper.

Dated:   New York, New York
         August 27, 2008

                                  CARDILLO & CORBETT
                                  Attorneys for Plaintiff
                                  NORTH CHINA SHIPPING (SINGAPORE)
                                  PTE. LTD.

                        By: _____
                                  Tulio R. Prieto (TP 8455)

                                  Office and P.O. Address
                                  29 Broadway, Suite 1710
                                  New York, New York 10006
                                  Tel: (212) 344-0464
                                  Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                     ) ss.:
County of New York)

    1. My name is Tulio R. Prieto.

    2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3. I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7. I am authorized to make this Verification on

behalf of the Plaintiff.

_____
Tulio R. Prieto

Sworn to before me this
27th day of August, 2008

_____
NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011